THE STATE, EX REL., HEETER, JUDGE, v. MULLENHOUR, AUDITOR.

[Cite as State, ex rel. Heeter, v. Mullenhour (1977), 51 Ohio St. 2d 145.]

(No. 77-262—Decided July 20, 1977.)

146

*Messrs. Siferd & Eaton* and *Mr. Richard E. Siferd,* for relator.

*Mr. Allan D. Dobnicker,* director of law, for respondent.

*Per Curiam.* The issue in the instant cause is whether, in a Muncipal Court composed of two judges (wherein one judge serves as the administrative judge and the other as presiding judge), the administrative judge may, by journal entry, direct the city auditor to make certain payments of salaries to probation officers and deputy bailiffs employed by the court.

With respect to the issue of whether the administrative judge may determine salaries for probation officers, R. C. 1901.33 provides: "The judge or judges of a Municipal Court may appoint * * * one or more probation officers * * * each of whom shall receive such compensation as the legislative authority prescribes."

R. C. 1901.03 provides that: "legislative authority" has " * * * reference to the city in which the court is located." Obviously, the General Assembly withheld from the judges of the Municipal Court any power to set salaries for probation officers, and thus the respondent correctly refused to honor the journal entry order of relator estab-

lishing certain salary levels for the probation officers.

However, with respect to the salaries of the deputy bailiffs, the General Assembly provided in R. C. 1901.32 that "[t]he court shall appoint a bailiff who shall receive such annual compensation as the court prescribes."

In the situation wherein the Municipal Court is composed of three or more judges, the term "court" simply refers to a majority vote of the judges who constitute the Municipal Court, R. C. 1901.16(C). However, when there are only two judges on the court, as in this cause, each having certain powers and duties which, if exercised, would not require the approval of the other judge (M. C. Sup. R. 2[B], R. C. 1901.16), a determination must be made as to which judge has the authority to prescribe the salaries of the deputy bailiffs.

R. C. 1901.15 provides, in part, that "[i]n addition to the exercise of all powers of a municipal judge, the presiding municipal judge has the general supervision of the business of the court * * *."

The phrase "general supervision," although not specifically defined by the General Assembly, clearly includes such functions as setting the salary levels of court personnel where permitted by statute. Thus, the presiding judge has the authority to establish salary levels for court personnel such as the deputy bailiffs.

M. C. Sup. R. 2(B) provides, in part, that "[t]he administrative judge shall have full control over the administration, docket, and calendar of the court. He shall exercise the powers conferred upon him by these rules and the powers vested by statute in the presiding judge." In providing that the administrative judge exercises those powers vested by statute in the presiding judge, this rule does not take away from the presiding judge his authority to set salary levels for court personnel, nor does it grant the administrative judge a share in this authority.

The powers provided the administrative judge are based on the Rules of Superintendence for Municipal Courts and County Courts. These rules chiefly involve directives

concerning matters affecting case control and case disposition in the municipal and county courts of Ohio, and do not involve matters concerning the fiscal duties and responsibilities of those courts. Because these rules, from which the administrative judge derives authority, are so limited in purpose and effect, it follows that the extent of the powers provided the administrative judge under M. C. Sup. R. 2(B) are also so limited. Thus, we hold that in the present situation, where the administrative judge shares the bench with one other judge who serves as the presiding judge, only the presiding judge has the authority to set salary levels for the deputy bailiffs.

Because there is no clear legal duty on the part of the respondent to honor the journal entry, made by relator, ordering that certain salaries be paid to the probation officers and deputy bailiffs, the writ of mandamus is denied.

*Writ denied.*

O'Neill, C. J., Celebrezze, W. Brown, Sweeney and Locher, JJ., concur.

Herbert and P. Brown, JJ., would dismiss this cause on the ground that, ordinarily, mandamus may not be employed as a substitute for contempt proceedings.