THE STATE, EX REL. CITY OF ELYRIA, APPELLEE, *v.* TRUBEY; LORAIN COUNTY AUDITOR ET AL., APPELLANTS.

(No. 3587—Decided May 31, 1984.)

*George H. Ferguson,* city solicitor, and *Harold A. West,* for appellee.

*Gregory A. White,* prosecuting attorney, for appellants.

GEORGE, J. This is the third appeal which has been taken from the complaint in mandamus filed in 1974 by the city of Elyria against D. W. Trubey, the Clerk of Elyria Municipal Court, and the Lorain County Auditor along with its Treasurer. The issues raised on this appeal concern only the payment of interest due on the judgment. The trial court issued the writ directing the Lorain County Auditor and Treasurer to repay the city of Elyria $71,604.24 with six percent interest per annum from the date of each payment. The money was originally overpaid by the city to the county with regard to the operation of the Elyria Municipal Court.

### ASSIGNMENT OF ERROR 1

"The trial court impermissibly increased the interest rate from the stipulated rate of 6% per annum."

In the order from which this appeal has been taken, the trial court awarded interest at a rate of six percent per an-

num from 1968 through 1980, eight percent per annum from 1980 through 1982, and at the rate of ten percent per annum after 1982. The auditor and treasurer allege that the rate of interest was fixed at six percent per annum by the terms of the writ and the statutory rates do not apply. This is not so.

The pertinent language of the writ is as follows:

"IT IS ORDERED that Defendants Julian A. Pijor, Lorain County Auditor, and J. Grant Keys, Lorain County Treasurer, shall issue their warrants and vouchers respectively, repaying the Plaintiff City of Elyria, Ohio, the sum of Seventy-one Thousand Six Hundred Four and 24/00 ($71,604.24) Dollars together with Six (6%) Percent interest per annum from the date of each payment thereupon."

The trial court, by its order of September 27, 1983, determined that the interest began to accrue from the date of the first overpayment in 1968. Therefore, under the terms of the writ, the interest was charged at a rate of six percent per annum to commence on the dates of the respective overpayments. The writ, however, contained no specific provision regarding the rate of post-judgment interest.

The auditor and treasurer do not contend that the trial court erred in awarding interest on the judgment, but merely maintain that the incorrect rates were applied. The trial court determined that since no specific rate was identified in the judgment, the statutory rate found in R.C. 1343.03 should apply. Using this standard, the rate would be six percent per annum from 1968 through August 17, 1981. From August 18, 1981 until July 1982, the rate was eight percent per annum. Since July 1982, the statutory rate of interest has been set at a rate of ten percent per annum.

This court finds these applications to be consistent with R.C. 1343.03.

Therefore, this court can find no error in the trial court's application of the language of the writ or the subsequent statutory provision. The first assignment of error is overruled.

ASSIGNMENT OF ERROR 2

"The trial court erroneously concluded that the interest must be compounded."

The auditor and treasurer maintain that the trial court erred by compounding the interest and not applying a standard of simple interest. Simple interest is to be used unless there is a specific agreement to compound interest or a statutory provision which authorizes otherwise.

The Supreme Court has addressed the issue of awarding simple interest in a case involving a judgment for back pay. *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363 [21 O.O.3d 228]. *Crockett* and other cases cited therein suggest that when no specific provision for interest is noted, then simple interest is to be awarded. See, also, 31 Ohio Jurisprudence 2d (1975) 26, Interest, Section 22. Here, there was no statutory provision which would permit the compounding of interest. Thus, it was error for the trial court to provide for the compounding of interest.

Therefore, the trial court did not err in calculating interest under the terms of the writ and R.C. 1343.03. The trial court did commit error in compounding such interest rather than awarding simple interest. Accordingly, the judgment of the trial court is affirmed in part and reversed in part. This cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

BAIRD, P.J., and QUILLIN, J., concur.