THE STATE, EX REL. NAGY, *v.*
CITY OF ELYRIA ET AL.

(No. 4290 — Decided
September 7, 1988.)

*Roy A. West,* for relator.
*Terry S. Shilling,* city solicitor, for respondent city of Elyria.
*Gregory A. White,* prosecuting attorney, for respondent Lorain County.

MAHONEY, J. This is an original action in mandamus brought pursuant to R.C. 2731.01 *et seq.* The relator is Stephen R. Nagy and the respondents are the city of Elyria and Lorain County.

Pursuant to Loc. R. 2(B) of the Ninth Appellate Judicial District, the parties have submitted an agreed statement of facts, which provides:

"1. For all purposes in this action, the Elyria, Ohio Municipal Court was, during 1984, 1985, and 1986 a Municipal Court under the Laws of Ohio with two full-time judges authorized.

"2. Judge James P. Horn was elected for a six-year term which was to expire January 1, 1986. Judge Stephen R. Nagy was elected for a six-year term to expire January 2, 1986.

"3. On December 31, 1984 Judge James P. Horn retired as a Judge of the Elyria Municipal Court. On January 18, 1985 the Governor of the State of Ohio appointed Judge John A. Howard to serve the unexpired term. From January 1, 1985 through January 17, 1985 the term of Judge James P. Horn was vacant. On January 2, 1985 Judge Stephen R. Nagy in writing designated himself as Administrative and Presiding Judge for the year 1985. See Exhibit 1.

"4. On January 2, 1985 Judge Stephen R. Nagy, by letter notified the Lorain County Commissioners, the Lorain County Auditor, and the Elyria City Auditor, that effective January 1, 1985 Judge Stephen R. Nagy was to receive an additional amount of $1,500.00 as the presiding judge. See Exhibit 2.

"5. On January 3, 1985 Judge Stephen R. Nagy notified the Supreme Court of Ohio that he would be acting as administrative and presiding judge for the Elyria Municipal Court for the year 1985. See Exhibit 3.

"6. On January 11, 1985 Judge Stephen R. Nagy notified the Lorain County Commissioners, the Lorain County Auditor, and the Elyria City Auditor that Judge John A. Howard had been appointed to fill the vacancy of Judge James P. Horn and what the salary would be. See Exhibit 4.

"7. On January 23, 1985 Judge Stephen R. Nagy and Judge John A. Howard signed an Agreement that Judge Stephen R. Nagy would be the presiding and administrative judge for the year of 1985. See Exhibit 5.

"8. On February 20, 1985 Judge Stephen R. Nagy communicated to the Elyria City Solicitor objecting to the City Solicitor's opinion, denying the payment of $1,500.00 to Judge Stephen R. Nagy to be the presiding and administrative Judge for the year 1985. See Exhibit 6.

"9. On December 19, 1985 Judge

Stephen R. Nagy and Judge John A. Howard signed a directive instructing the City Auditor and County to pay Judge Stephen R. Nagy the $1,500.00 as administrative and presiding judge for the year 1985. See Exhibit 7.

"10. Judge Stephen R. Nagy, on December 31, 1985, wrote to the City of Elyria Auditor and the County of Lorain Auditor requesting payment of $1,500.00. See Exhibit 8.

"11. By letter dated February 21, 1986 Stephen J. Gurchick, Assistant Solicitor, rendered an opinion to the Elyria City Auditor advising them that it was not a legal payment to pay the $1,500.00.

"12. Judge Stephen R. Nagy performed the duties as presiding and administrative Judge for the Elyria Municipal Court for the entire calendar year 1985.

"13. Judge Stephen R. Nagy was not paid the statutory sum of $2,500.00 [*sic*].

"14. No one was ever paid the statutory sum of $1,500.00 for being the presiding judge of the Elyria Municipal Court for the year 1985."

Nagy seeks a writ of mandamus requiring respondents to pay him an additional $1,500 for acting as administrative and presiding judge of the Elyria Municipal Court.

In order to grant a writ of mandamus in the matter at bar, this court must find that Nagy has a clear legal right to the relief requested, that the respondents have a clear legal duty to perform the requested act, and that Nagy has no plain and adequate remedy at law. See *State, ex rel. Harmon,* v. *Bender* (1986), 25 Ohio St. 3d 15, 17, 25 OBR 13, 14, 494 N.E. 2d 1135, 1137; *State, ex rel. Moore,* v. *Summit Cty. Bd. of Elections* (Oct. 23, 1987), Summit App. No. 13377, unreported. Former R.C. 1901.11(B)(3) provided in part:

"The presiding judge of a municipal court who is also the administrative judge of the court, shall receive, pursuant to this section, an additional one thousand five hundred dollars over and above the salaries paid, pursuant to this section, to any other judge of the same court." (See 142 Ohio Laws, Part I, 1435, 1456.)

Judge Nagy was duly acting as administrative judge during 1985. The crux of the cause before us is whether he could also act as presiding judge in light of R.C. 1901.09(A), which provides:

"In a municipal court having two judges, the judge whose term next expires shall be designated as the presiding judge." (See 136 Ohio Laws, Part I, 1941, 1966.)

It is clear that if the statute were followed that Judge Howard would have been the presiding judge. However, it is equally clear that the agreement between Judge Howard and Judge Nagy indicates the intent of Judge Howard to abandon the position. Thus, it was incumbent upon Judge Nagy to assume the duties of presiding judge since there are certain functions which can only be performed by the presiding judge. *State, ex rel. Heeter,* v. *Mullenhour* (1977), 51 Ohio St. 2d 145, 5 O.O. 3d 117, 364 N.E. 2d 1382. Judges have the inherent power to do those things necessary to carry out the due administration of justice. *Slabinski* v. *Servisteel Holding Co.* (1986), 33 Ohio App. 3d 345, 515 N.E. 2d 1021. Accordingly, Judge Nagy was acting as the *de facto* presiding judge of the Elyria Municipal Court in 1985. *State, ex rel. Witten,* v. *Ferguson* (1947), 148 Ohio St. 702, 36 O.O. 285, 76 N.E. 2d 886.

Since it was necessary for Judge Nagy to assume the duties of presiding judge and, as such, he became the *de facto* presiding judge, we find he is entitled to be paid $1,500 pursuant to R.C. 1901.11. Accordingly, Judge

Nagy has established that he is entitled to the requested order for a writ of mandamus.

Judge Nagy also seeks to recover the cost of his attorney fees in bringing this action. However, "[t]he general rule in Ohio is that, absent a statutory provision allowing attorney fees as costs, the prevailing party is not entitled to an award of attorney fees unless the party against whom the fees are taxed was found to have acted in bad faith. See. *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177; *State, ex rel. Grosser,* v. *Boy* (1976), 46 Ohio St. 2d 184." *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363, 369, 21 O.O. 3d 228, 232, 423 N.E. 2d 1099, 1103. Judge Nagy has not cited, nor can we find, any statute which entitles him to attorney fees. Furthermore, the record before us does not indicate any bad faith on the part of the respondents. Accordingly, we find that Judge Nagy is not entitled to attorney fees.

Finally, Judge Nagy seeks statutory interest from the date he should have been paid the $1,500. Although prejudgment interest is not normally assessable against the state, *Lewis* v. *Benson* (1979), 60 Ohio St. 2d 66, 14 O.O. 3d 269, 397 N.E. 2d 396, prejudgment interest is assessable against municipalities and counties under certain circumstances. *Robinson, supra,* at 367-368, 21 O.O. 3d at 231-232, 423 N.E. 2d at 1111-1112; *State, ex rel. Elyria,* v. *Trubey* (1984), 20 Ohio App. 3d 8, 20 OBR 8, 484 N.E. 2d 169. We find that Judge Nagy is entitled to statutory interest pursuant to R.C. 1343.03. The record is unclear as to when Judge Nagy was entitled to the $1,500. We, therefore, will assume it was payable at the end of his term as presiding judge.

Accordingly, we find that Judge Nagy is entitled to prejudgment interest at a rate of ten percent per annum pursuant to R.C. 1343.03 beginning on January 1, 1986.

### Summary

It is hereby ordered that a writ of mandamus be issued ordering respondents to pay Judge Nagy $1,500 together with interest at a rate of ten percent per annum beginning January 1, 1986. Judge Nagy's request for attorney fees is denied.

*Judgment accordingly.*

BAIRD, P.J., and QUILLIN, J., concur.