Defendant-appellant Anthony Ucker appeals from the July 20, 1998, Judgment Entry of the Fairfield County Court of Common Pleas, Domestic Relations Division reviving a dormant judgment in the amount of $11,411.39.
 STATEMENT OF THE FACTS AND CASE
On June 30, 1986, in the Domestic Relations Division of the Fairfield County Court of Common Pleas, a Referee's Report was filed recommending that appellee be granted judgment against appellant in the amount of $3,925.48, representing child support arrearages from May 10, 1985, through May 15, 1986, plus interest at ten percent (10%) per annum from the date of judgment. The Findings of Fact and Conclusions of Law as contained in the Referee's Report were adopted by the trial judge pursuant to an entry filed on June 30, 1986. On August 28, 1986, the trial court reduced its finding to a judgment. No certificate of judgment was filed by appellee.
The Fairfield County Child Support Enforcement Agency (FCCSEA) on October 14, 1997, filed a Motion to Revive the June 30, 1986, judgment against appellant, which had become dormant as of June 30, 1991. In its motion, FCCSEA stated that the amount due including interest, as of August 31, 1997, was $11,411.39, excluding poundage and costs. A hearing on the motion was scheduled for November 17, 1997. The hearing was later continued to July 15, 1998. Pursuant to a Judgment Entry filed on July 20, 1998, the court ordered that the dormant judgment against appellant be revived in the amount of $11,411.39, plus a processing fee, which is the amount the court found unpaid on the judgment including interest to August 31, 1997. The court further ordered that the amount due continues to accrue interest at the rate of ten percent (10%) per annum.
It is from this July 20, 1998, Judgment Entry that appellant appeals, raising the following assignments of error:
A
 REVIVOR OF THE JUNE 30, 1986 JUDGMENT AGAINST ANTHONY UCKER DID NOT PERMIT THE TRIAL COURT TO ENTER AN ORDER COMPOUNDING THE INTEREST ACCRUING TO DATE.
B
 MS. BRINSON'S CLAIM FOR INTEREST IN ANY AMOUNT OR MEASURE, ON THE JUNE 30, 1986, JUDGMENT IS BARRED BY LACHES.
This court shall address appellant's second assignment of error first since it addresses whether appellee is entitled to any amount of interest on the judgment rather than the amount of the interest itself.
 II
Appellant, in his second assignment of error, argues that appellee's claim for interest in any amount on the June 30, 1986, judgment is barred by the doctrine of laches. Laches has been defined as "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." Smith v. Smith
(1957), 107 Ohio App. 440, 443-444. For the doctrine of laches to be successfully invoked, "it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim."Connin v. Bailey (1984), 15 Ohio St.3d 34, 36, citing Smith v.Smith (1959), 168 Ohio St. 447; paragraph three of the syllabus.
Since laches is an affirmative defense under Ohio Civil Rule 8(c), appellant, by failing to raise such defense before the trial court, has waived such defense. Moreover, there is no evidence that appellee acquiesced to appellant's failure to make support payments. Id. Rather, the record reveals that in July of 1992 and 1993, agreed entries were entered into between the parties regarding arrearages other than that for which appellee had a $3,925.48 judgment against appellant. Furthermore, appellant, other than arguing the passage of time, has made no attempt whatsoever to show that he was materially prejudiced by appellee's delay in collecting the judgment. There is no evidence that the delay resulted in any loss of evidence which would support appellant's position or that appellant has changed his position in a manner that he would not have if appellee had not delayed. Fifth Third Bank v. West
(1988), 42 Ohio Misc.2d 26.
Appellant's second assignment of error is, therefore, overruled.
 I
Appellant, with respect to his first assignment of error, argues that while R.C. 2325.15 et al permitted the trial court to revive the June 30, 1986, judgment against him, there is no authority for the trial court reviving more than the original $3,925.48 judgment. While appellee argues that appellant waived such issue and all issues relating to the calculation of interest by failing to raise them in the court below, the court notes that appellant specifically stated during the July 15, 1998, hearing that he did not think under the circumstances that a revivor was appropriate as to the interest. Transcript of the Proceedings, at 25. Appellant, therefore, has not waived any such issues on appeal.
R.C. Section 2329.07 provides when a judgment may become dormant. Such section states, in relevant part, as follows:
 "If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then, unless the judgment is in favor of the state, the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor.
Due to appellee's failure to execute on the judgment, the judgment in this matter became dormant as of June 30, 1991.
However, a dormant judgment, can, with limited exceptions be revived within twenty one years from the time it became dormant. R.C. 2325.18 Revised Code 2325.15, which governs the revival of dormant judgments, states in relevant part:
 When a judgment . . . is dormant . . . such judgment may be revived . . . by action in the court in which such judgment was rendered. . .
After a judgment is revived, the judgment may be made to operate as a lien upon the lands and tenements of the judgment debtor for the amount which the court finds to be due and owing. R.C. 2325.17.
Appellant contends that revivor is not appropriate as to the interest and that only the judgment in the amount of $3,925.48 should have been revived. However, the June 30, 1986, entry granting appellee a judgment against appellant, which was revived by the trial court, expressly provides that appellee is entitled to interest at the rate of 10% per annum from the date of judgment. The question then becomes how is the interest to be calculated and addressed. Absent a specific agreement that interest is to be compounded, simple interest is to be applied.Thirty-Four Corp. v. Sixty-Seven Corp., (1993), 91 Ohio App.3d 818. See also State ex rel. Elyria v. Trubey (1984), 20 Ohio App.3d 8. Since there was no agreement in this matter that interest was to be compounded, the trial court should have applied simple interest.
However, in reviewing the July 20, 1998, Judgment Entry of the trial court, it appears the trial court compounded interest in two ways. First of all, it appears to have compounded interest in arriving at the figure of $11,411.39. According to the trial court, the $11,411.39 represents the original judgment amount of $3,925.48 plus 10% interest from June 30, 1986, to August 31, 1997, a period of 11 years and two (2) months. However, $3,925.48, at 10% simple interest for those 11 years and two (2) months is $8,308.96. ($392.55 x 11.16667 = $4,383.48; $4,383.48 + $3,925.48 = $8,308.96). Secondly, the trial court revived the dormant judgment in the amount of $11,411.39 and then ordered that the "amount due" continue to accrue interest at the rate of 10% per annum until paid. If the 10% per annum is to accrue on the $11,411.39, this results in partial compounding, because the 10% per annum simple interest is now $1,141.14 (10% x $11,411.39) instead of $392.55 (10% of $3,925.48). In other words if the trial court grants judgment on the unpaid principal and on the unpaid interest and then orders that interest at 10% per annum be calculated on the principal and interest total, the trial court is orderinginterest on interest.
In the case at bar, the trial court found that the June 30, 1986, judgment remains unpaid, so the trial court did determine what was due and owing on the original judgment. R.C. 2325.17
If the trial court chooses to calculate the amount that is due and owing from the debtor in terms of the original judgment plus accumulated interest to the date of the revivor, the trial court may do that, but the original simple interest rate of 10% per annum should only accrue on the unpaid balance on the original judgment and not on any interest which has accrued on the unpaid amount of the original judgment. In the case at bar, that means that the 10% per annum simple interest shall accrue on the $3,925.48, but had the debtor paid $1,000.00 toward that judgment (on the day after it was granted in 1986), the 10% would accrue on $2,925.48.
Appellant also argues that interest should not accrue on the judgment during any period that the judgment is dormant. While the appellant raised this argument under his assignment of error II dealing with laches, this court finds it is relevant to discuss the issue at this point in regard to providing the trial court direction in calculating interest.
Appellant cites Huntington National Bank v Battaglia (March 25, 1994), Portage App. Nos. 92-P-0100, 92-P-0101, unreported in support of his argument. This court, however, concurs with the court's view in Kuntz v. Leasure (November 29, 1996), Montgomery App. No. 15784, unreported that it is a judgment's validity, rather than a creditor's ability to execute upon the same, which entitles a creditor to the accrual of interest on the judgment. As the court noted in Kuntz, the words "dormant" and revive" connote that a judgment is "sleeping and then awakened, not destroyed and recreated." Id., citing Thompson v.Slone (1991), 68 Ohio App.3d 575, 578. As long as a creditor such as appellee files an action to revive the judgment within twenty one years from the time the judgment became dormant, as is required by R.C. 2325.18, the dormancy period has no effect on the judgment's validity. There is no dispute that the motion to revive was timely filed. This court, therefore, finds that appellee is entitled to simple interest at the rate of 10% per annum from June 30, 1986.
In conclusion, the original judgment amount should not be increased by the amount of interest due and owing and then made into a new judgment amount. The original judgment at the original interest rate should be revived with an optional finding by the trial court as to how much is due and owing on the interest to date. The original judgment should only be altered upon proof that principal has been reduced. Interest should accrue at 10% simple interest per annum beginning June 30, 1986, with no break during the period of dormancy.
Appellant's first assignment of error is sustained. We shall reverse in part and remand this case to the trial court to revive the June 30, 1986, judgment in the proper manner.
The Judgment of the Fairfield County Court of Common Pleas Domestic Relations Division is affirmed in part and reversed and remanded in part for proceedings consistent with this opinion.
By Edwards, J., Gwin, P.J. and Hoffman, J. concur.
-----------------------
-----------------------
 ----------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part and shall be remanded to the trial court for proceedings consistent with this opinion. Costs to be paid half by Appellant and half by Appellee.
-----------------------
-----------------------
 ----------------------- JUDGES