[Cite as *Zinsmeister v. Gillen-Zinsmeister*, 2024-Ohio-938.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Thomas Zinsmeister, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 22AP-714 |
| v. | : | (C.P.C. No. 20DR-2064) |
| Juliann Gillen-Zinsmeister, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on March 14, 2024

**On brief:** *Trolinger Law Offices, LLC, Christopher L. Trolinger*, for appellant. **Argued:** *Christopher L. Trolinger*.

**On brief:** *Juliann Gillen-Zinsmeister*, pro se. **Argued:** *Juliann Gillen-Zinsmeister*.

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations

BOGGS, J.

{¶ 1} Plaintiff-appellant, Thomas Zinsmeister, appeals an order from the Franklin County Court of Common Pleas, Division of Domestic Relations, which ordered the sale of a marital residence, the release from mutual restraining order, and limited relief from restraining order. For the reasons stated below, we overrule his assignments of error and affirm the trial court's judgment.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} Thomas and defendant-appellee, Juliann Gillen-Zinsmeister, were married in Athens, Ohio, on November 30, 1991. The couple had three children who are now all emancipated. On June 30, 2020, Thomas filed a complaint for divorce accusing Juliann of extreme cruelty, alleging gross neglect of duty, and that the parties were incompatible. On

August 7, 2020, Juliann filed an answer and counterclaim alleging that Thomas was guilty of gross neglect of duty, extreme cruelty, and that the parties were incompatible.

{¶ 3} On July 2, 2020, the court issued a standard mutual restraining order that, among other things, enjoined both parties from:

> [w]ithdrawing, transferring ownership of, spending, encumbering or disposing of any funds deposited in any financial institution, including but not limited to, bank accounts, savings accounts, money markets, credit unions, brokerage accounts, pension plans, stocks, bonds, or certificates of deposit, except checking and any debit card associated with a checking account in the ordinary day to day usage[.]

(July 2, 2020 Order at 1-2.)

{¶ 4} On November 12, 2020, Juliann filed a motion for sale of the marital residence located at 7670 North Goodrich Square, New Albany, Ohio. In her motion, Juliann noted that the parties were utilizing retirement funds to pay the mortgage, as Thomas was currently unemployed. By March 2021, Juliann had moved out of the marital residence.

{¶ 5} On May 20, 2022, Thomas filed a motion for release from the mutual restraining order so that he would be allowed to access a distribution from the marital retirement assets in order to support his living expenses. On September 28, 2022, Thomas submitted a memorandum on pending motions which included an objection to the "manner in which the motions are being heard and [to] the informal yet concrete briefing schedule established." (Sept. 28, 2022 Pl.'s Memo at 1.) Thomas argued that the court set an expedited briefing schedule for the pending pretrial motions, without taking testimony or evidence, through an email from its staff rather than by a journal entry. Thomas's counsel had requested an extension of time on the expedited briefing schedule which the trial court granted, but a second request for an extension of time was denied by the court.

{¶ 6} On June 10, 2022, Juliann filed a motion for limited relief from the court's July 2, 2020 standard mutual restraining order. In her motion, Juliann requested that the court allow her to access funds from a Fidelity retirement account and/or a stock benefit plan in the amount of $60,000 and allow Thomas to access marital funds in the amount of $20,000. Juliann argued that Thomas had already received $40,000 from marital funds and that granting her motion would equalize distributions to the parties.

{¶ 7}   On October 27, 2022, the trial court filed an entry on Juliann's motion for sale of the marital residence, Juliann and Thomas's respective motions for limited relief from the restraining order, and on Thomas's objection to lack of a written scheduling order. The court overruled Thomas's objection, as the court had the " 'inherent power to do those things necessary to carry out the due administration of justice.' " (Oct. 27, 2022 Entry at 2, quoting *State ex rel. Nagy v. Elyria*, 54 Ohio App.3d 101, 102 (9th Dist.1988)).  It reasoned that its delegation to staff to convey a briefing schedule allowed for judicial economy and flexibility for the court.  *Id.*

{¶ 8}   The court granted Juliann's motion to order the sale of the marital residence. The court found that it was in the best interests of the parties to sell the home and that the proceeds of the sale should be evenly split between the parties and placed in escrow until the conclusion of the case or by the agreement of the parties.  The court recognized that Thomas is unable to work due to an injury and that Juliann requested the sale of the home due to the cost of the mortgage and maintenance, and that she had left the marital home. The court rejected Thomas's argument that the court lacked authority under R.C. 3105.171(J)(2) to order the sale of the property because it would be impossible to determine a fair and equitable division of the property prior to the division of all property.  The court looked to R.C. 3105.171(J)(2), which contemplates the pre-decree sale of a home, and *Malik v. Malik*, 8th Dist. No. 107183, 2018-Ohio-4901, which upheld a pre-decree order of sale under the court's broad discretion in allocating marital assets.

{¶ 9}   The court granted in part and denied in part Thomas's motion for a release from the standard mutual restraining order, and it limited him to withdrawing no more than $10,669 per month, which Thomas had calculated in an affidavit as his monthly living expenses.  The court noted that Thomas had taken funds from investment accounts in excess of his living expenses for the two years following the affidavit he filed.  The court calculated that, based on his affidavit, his expenses those years would have totaled $298,372, but in that same time Thomas had withdrawn $663,653.22 from two investment accounts.

{¶ 10}   The court also granted in part and denied in part Juliann's motion for limited relief from the restraining order.  The court permitted a one-time withdrawal of $20,000 for Thomas that it stated shall not count against his monthly expense withdrawals and that Thomas shall provide $60,000 to Juliann from marital accounts.  The court noted that

these disbursements shall be calculated in the eventual division of the parties' marital estate and that both sides should be "afforded access to funds which permit the equitable, if not necessarily equal, use of resources in litigating this case." (Oct. 27, 2022 Entry at 5.) Thomas now appeals the trial court's order.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Thomas argues the following assignments of error:

(1) The trial court erred and abused its discretion in granting appellee's motion for sale of the marital residence as such was contrary to law.

(2) The trial court erred and abused its discretion in granting appellee's motion for sale of the marital residence and appellee's motion for limited relief from restraining order as such was not set for hearing.

(3) The trial court erred and abused its discretion in granting appellee's motion for limited relief from restraining order.

## III. LEGAL ANALYSIS

### A. Assignment of Error 1

{¶ 12} Before we turn to the merits of Thomas's first assignment of error regarding the pre-decree sale of the marital residence, we first consider whether the trial court's order granting Juliann's motion for sale of the marital residence is a final appealable order. Article IV, Section 3(B)(2) of the Ohio Constitution limits the jurisdiction of the appellate courts to considering only final appealable orders. "If an order is not a final, appealable order, the appellate court lacks jurisdiction and the appeal must be dismissed." (Citation omitted.) *K.B. v. Columbus,* 10th Dist. No. 14AP-315, 2014-Ohio-4027, ¶ 8. " 'If the parties themselves fail to raise the issue of whether or not a judgment constitutes a final, appealable order, we must raise the issue sua sponte.' " *Sessley v. Estate of Black,* 10th Dist. No. 22AP-376, 2023-Ohio-900, ¶ 8, quoting *Weldele v. Brice*, 10th Dist. No. 21AP-248, 2022-Ohio-3246, ¶ 10, quoting *Premium Beverage Supply, Ltd. v. TBK Production Works, Inc.*, 10th Dist. No. 14AP-90, 2014-Ohio-4171, ¶ 12.

{¶ 13} R.C. 2505.02(B) defines the categories of final orders, in relevant part, as including: "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." The Supreme Court of Ohio has

recognized a divorce action, a statutory matter that did not exist in common law, as a "special proceeding" under R.C. 2505.02(B). *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, ¶ 6. R.C. 2505.02(A)(1) defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." We note that at least one Ohio appellate court has held that a pretrial order of sale in a pending divorce case is a final appealable order because it is issued within a special proceeding and affects a substantial right, as an appellant would be unable to regain possession of the property if it was sold prior to appellate review. *Malik* at ¶ 14. We agree with Thomas, and note that Juliann does not contest, that this is a final appealable order.

{¶ 14} We now consider the merits of Thomas's first assignment of error. Appellate review of a trial court's division of marital property, which may entail ordering the sale of the marital residence, is governed by the abuse of discretion standard. *Kramer v. Kramer*, 10th Dist. No. 18AP-933, 2019-Ohio-4865, ¶ 32, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} Here, Thomas argues that the trial court erred and abused its discretion in its reliance upon R.C. 3105.171(J)(2) to order the pre-decree sale of the marital residence. R.C. 3105.171(J) states:

> The court may issue any orders under this section that it determines equitable, including, but not limited to, either of the following types of orders:
>
> * * *
>
> (2) An order requiring the sale or encumbrancing of any real or personal property, with the proceeds from the sale and the funds from any loan secured by the encumbrance to be applied as determined by the court.

{¶ 16} Thomas argues that the court could not determine whether the sale of the home is equitable prior to the division of all property. We do not agree.

{¶ 17} In *Perozeni v. Perozeni*, 8th Dist. No. 111771, 2023-Ohio-1140, the Eighth District Court of Appeals found no abuse of discretion in a trial court ordering the sale of a marital home before trial. The court found that the sale of the marital home does not need to be reserved for trial as the proceeds from the sale can be placed in escrow until the court

determines the final equitable division of assets between the parties. *Id.* at ¶ 30. Much like in *Perozeni*, the trial court here ordered the proceeds of the sale of the marital home to be placed in escrow and to be later included as part of the calculation of the equitable division of marital property. We find no abuse of discretion in the trial court's pretrial order of sale here. The parties no longer live together in the marital residence as Juliann has moved out of the home. There is also no evidence in the record that Thomas can afford to keep paying the costs of the home or would be able to purchase Juliann's share of the home from her. Thomas has been using marital funds, namely taking sizable disbursements from his retirement accounts, to support his living expenses and the costs of the marital home. Accordingly, we overrule Thomas's first assignment of error.

### B. Assignment of Error 2

{¶ 18} In his second assignment of error, Thomas repeats his objection to the trial court's procedure, arguing that the court speaks through its journal entries and that its failure to do so here resulted in a violation of Thomas's due process rights.

{¶ 19} In a memorandum in response to the pending motions before the trial court, Thomas objected "to the manner in which the motions are being heard and the informal yet concrete briefing schedule established" and that "[t]he court *sua sponte* has scheduled briefing on the three pending pretrial motions without taking testimony or evidence and issued an expedited briefing schedule via email through its staff. This schedule was not reduced to a written order or provided for within the court's docket or journal entries." (Emphasis sic.) (Sept. 28, 2022 Pl.'s Memo at 1.)

{¶ 20} "The Fourteenth Amendment to the United States Constitution prohibits any state from depriving 'any person of life, liberty, or property, without due process of law.' " *State ex rel. Haylett v. Ohio Bur. of Workers' Comp.*, 87 Ohio St.3d 325, 331 (1999).

{¶ 21} " '[D]ue process' is a flexible concept--* * * the processes required by the Clause with respect to the termination of a protected interest will vary depending upon the importance attached to the interest and the particular circumstances under which the deprivation may occur." *Walters v. Natl. Assn. of Radiation Survivors*, 473 U.S. 305, 320 (1985). A fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Due process of law implies, in its most comprehensive sense, the right of the person affected to be heard, by testimony or otherwise, and to have the right of controverting, by

proof, every material fact which bears on the question of right in the matter involved. *Williams v. Dollison*, 62 Ohio St.2d 297 (1980).

{¶ 22} "Trial courts have inherent power to manage their own dockets and the progress of the proceedings before them." *A.M. v. Miami Univ.*, 10th Dist. No. 17AP-156, 2017-Ohio-8586, ¶ 21, citing *Canady v. Rekau & Rekau, Inc.,* 10th Dist. No. 09AP-32, 2009-Ohio-4974, ¶ 16. Thus, an appellate court reviews challenges related to " 'control of the docket and consideration of motions by the trial court' " for an abuse of discretion. *Id.*, quoting *Jarvis v. Hasan*, 10th Dist. No. 14AP-578, 2015-Ohio-1779, ¶ 55.

{¶ 23} Here, despite his stated concerns with the trial court's scheduling of briefing deadlines informally through staff rather than in a filed judgment entry, it is undisputed that Thomas had an opportunity to be heard and did, in fact, present his arguments and objections through briefing on the pretrial motions. Thomas argues that, at the very least, the trial court should have allowed for testimony subject to cross-examination. Again, however, what processes are due will vary depending upon the interests at stake and the surrounding circumstances. This court has noted that "[i]t is acceptable practice for a trial court to dispose of motions * * * without holding a hearing on the matter." *Hayward v. Columbus,* 10th Dist. No. 98AP-194, 1998 Ohio App. LEXIS 5334, *8 (Oct. 27, 1998). Thomas does not allege he formally requested a hearing that the trial court denied, nor does he indicate what additional evidence he would have presented at a hearing. On this record we find no deprivation of Thomas's due process rights and no abuse of discretion by the trial court in managing its docket and in deciding the parties' motions regarding relief from the restraining order or sale of the marital home without an evidentiary hearing. We therefore overrule Thomas's second assignment of error.

### C. Assignment of Error 3

{¶ 24} In his third assignment of error, Thomas argues that the trial court erred in granting Juliann's motion for limited relief from the standard mutual restraining order, requiring him to withdraw $60,000 from his retirement accounts to provide to Juliann.

{¶ 25} Before we reach the merits of Thomas's assignment of error, we again consider whether this is a final appealable order. As we have already discussed above, "[i]f an order is not a final, appealable order, the appellate court lacks jurisdiction and the appeal must be dismissed." *K.B.* at ¶ 8. This court in *Kelm v. Kelm*, 93 Ohio App.3d 686, 689 (1994), noted that "temporary spousal and child support orders are not final appealable

orders" because they are "provisional in nature, subject to modification at any time, [and do] not determine the ultimate rights of the parties involved." *See also Soliman v. Nawar*, 10th Dist. No. 22AP-379, 2023-Ohio-3650, ¶ 8; *Meisner v. Walker*, 10th Dist. No. 15AP-671, 2016-Ohio-215, ¶ 8; *Hibbs v. Hibbs*, 10th Dist. No. 08AP-93, 2008-Ohio-5621, ¶ 6. The trial court's order granting in part and denying in part Juliann's motion for limited relief from the standard mutual restraining order is akin to the orders at issue in *Kelm*.

{¶ 26} Here, the trial court has not finalized Thomas and Juliann's divorce and, as a result, the trial court's order granting Juliann limited relief from the restraining order is provisional in nature and does not constitute a final judgment. Under the first assignment of error, we determined the order to sell the marital residence was a final appealable order pursuant to R.C. 2505.02 because the order occurred in a special proceeding and it affects a substantial right. More specifically, an order to sell real property affects a substantial right because Thomas would be unable to regain possession of the property if the sale occurred prior to appellate review. *See Malik* at ¶ 14. Unlike the order to sell the martial residence, the order granting limited relief from the restraining order involves a monetary allocation and does not affect a substantial right. The trial court recognized its ability to take into account any pre-decree disbursements to the parties as part of its final division and distributions of marital assets. Indeed, in its order, the court expressly informed the parties that:

> [A]ny disbursement permitted by the limited lift of the Standard Mutual Restraining Order should and will be calculated during the eventual division of the parties['] marital estate. Naturally, all such disbursements, if done from marital assets, will be so calculated.

(Oct. 27, 2022 Entry at 5.) Accordingly, we conclude that the limited lift of the standard mutual restraining order did not affect a substantial right and does not qualify as a "final order" under R.C. 2505.02(B)(2).

{¶ 27} Therefore, Thomas's third assignment of error stems from an interlocutory order over which this court lacks jurisdiction. Accordingly, Thomas's third assignment of error is dismissed.

## IV. CONCLUSION

{¶ 28} Having overruled Thomas's first and second assignments of error and dismissed the third assignment of error for lack of jurisdiction, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

LUPER SCHUSTER and LELAND, JJ., concur.

———————————