THIRTY FOUR CORPORATION, Appellant and Cross–Appellee,

v.

SIXTY SEVEN CORPORATION, Appellee and Cross–Appellant.

[Cite as *Thirty Four Corp. v. Sixty Seven Corp.* (1993), 91 Ohio App.3d 818.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–647.

Decided Nov. 23, 1993.

*Mark S. Miller,* for appellant and cross-appellee.

*Martin, Pergram, Browning & Parker, Stephen D. Martin* and *Dennis L. Pergram,* for appellee and cross-appellant.

---

CLOSE, Judge.

Plaintiff-appellant, Thirty Four Corporation ("34 Corp."), brings this appeal from a judgment of the Franklin County Court of Common Pleas. Defendant-appellee, Sixty Seven Corporation ("67 Corp."), cross-appeals. This matter has been before this court on two prior occasions and has been once before the Supreme Court of Ohio. Given the long history of this case, the facts have largely been established in prior court decisions. The parties are Ohio corporations owned by members of the Tonti family who, for several years, have been involved in the buying and selling of Columbus real estate. 34 Corp. is operated by A. Patrick Tonti ("Pat Tonti"). 67 Corp. was formerly run by the late Alfred E. Tonti ("Al Tonti"), Pat Tonti's father. Both 34 Corp. and 67 Corp. are engaged in the real estate business and serve as umbrella companies for a number of smaller property holding corporations operated by Pat and Al Tonti.

The various corporations frequently borrowed from each other's bank accounts as cash flow needs dictated. In the usual case, intercorporate loans were accomplished by one Tonti using his check-signing authority on the other Tonti's corporate account. As a general rule, the loans were unsecured and did not draw interest.

As a part of this system of intercorporate loans, every several years the Tontis met to settle the outstanding debts between and among the corporations. These

meetings were referred to as "round robins." In a round robin, the various loans were offset against each other leaving a net balance which then became due.

On September 15, 1964, Al Tonti, as president of 67 Corp., signed a note for $200,000 at six percent interest, payable to 34 Corp. That note was secured by a mortgage on property owned by appellee and was payable one year from the date of signing. The record indicates that in 1966, the Tontis held their final round robin. At the close of that meeting, 67 Corp. owed a balance of $24,000. Satisfaction of that debt was made in 1966 and is evidenced by a check for $24,000 written by 67 Corp. to 34 Corp. with a notation on the deposit ticket: "Sixty Seven Corporation pay all loans '64 and '65."

On September 14, 1979, 34 Corp. initiated this action seeking foreclosure on the note and mortgage signed in 1964. 67 Corp. defended on the grounds of laches and accord and satisfaction, asserting that the $24,000 check satisfied the debt to 34 Corp. and was accepted by 34 Corp. as payment in full. At the same time, 67 Corp. counterclaimed for slander of title based on 34 Corp.'s assertion of the mortgage.

In the original proceeding, the trial court held that the affirmative defenses raised by 67 Corp. barred 34 Corp. from recovery. The court further held in favor of 67 Corp. on the counterclaim and awarded damages.

On appeal, this court reversed the trial court in a split decision, holding that the facts did not support the defenses asserted by 67 Corp. An appeal was taken to the Supreme Court of Ohio, which affirmed the appellate decision in *Thirty–Four Corp. v. Sixty–Seven Corp.* (1984), 15 Ohio St.3d 350, 15 OBR 472, 474 N.E.2d 295.

On remand, the court of common pleas entered judgment in favor of 34 Corp. on the note and ordered foreclosure on the mortgage. 67 Corp. appealed to this court, wherein we held 34 Corp.'s recovery proper unless 67 Corp. could establish a defense. We again remanded to the trial court where 67 Corp. asserted the defense of partial failure of consideration, arguing that the amount due was less than the face value of the note.

During the pendency of this case, several other of Pat Tonti's corporations obtained judgment in suits against Al Tonti's estate. Then, in 1992, the trial court, on remand, rendered judgment in the instant case. The court found a principal balance due of $67,491.12 and awarded interest in the amount of $11,850.10 on the outstanding balance from 1966 through 1972. After adding additional interest from 1972, the court found a total due 34 Corp. of $182,813.47, plus interest. 34 Corp. then filed a motion for reconsideration/motion to supplement the record. Both motions were overruled.

On April 19, 1993, the trial court issued its judgment entry and it is from that entry that 34 Corp. has appealed, raising the following assignments of error:

"Assignment of Error No. 1

"The trial court erred in the calculation of the amount due Thirty Four Corporation on the promissory note.

"Assignment of Error No. 2

"The trial court erred in its conclusion that Pat Tonti did not perform $40,000 worth of services and that those services were not covered by the note.

"Assignment of Error No. 3

"The trial court erred in not awarding compound interest on the note."

By its first assignment of error, 34 Corp. challenges the court's calculation of the amount due on the note in two major respects: (1) the amount of interest awarded was improper; and (2) the principal amount due on the note was miscalculated.

■ With regard to the interest awarded on the note, 34 Corp. takes issue with the court's refusal to assess interest for the period 1964 through 1966. 34 Corp. claims that interest accrued between 1964 and 1966 because that is the period in which the various debts were incurred. As such, 34 Corp. would have the court calculate interest individually on each loan from the date that it was incurred. However, we find that the trial court properly applied the rule that interest on an amount owed accrues from the time that the debt becomes due and payable. R.C. 1343.03(A); *Braverman v. Spriggs* (1980), 68 Ohio App.2d 58, 22 O.O.3d 47, 426 N.E.2d 526.

Regardless of when the loans were extended, the law is clear that interest runs on a debt from the time that the money should have been paid. *Braverman.* The facts of this case clearly indicate that the outstanding loans between and among the Tonti corporations were not due and payable until the family met for a round robin. As such, no payment was due 34 Corp. on the 1964 through 1966 loans until the 1966 round robin meeting. Furthermore, prior to the 1966 round robin, any amount owed remained uncertain, since all outstanding loans first had to be netted together to determine if a balance was due. The 1966 round robin was necessary to ascertain the amount of debt outstanding and, prior to that date, all accounts remained unliquidated. As such, no interest accrued on money loaned prior to the November 1966 round robin. *Mahon–Evans Realty, Inc. v. Spike* (1986), 33 Ohio App.3d 268, 515 N.E.2d 953.

■ 34 Corp. also challenges the trial court's calculation of interest for the years 1966 through 1972. The trial court concluded that the evidence presented

by 34 Corp. failed to provide an adequate basis for the court to precisely calculate interest for that period.

34 Corp. argues that its Exhibit 5, consisting of the corporate checks, ledgers and deposit slips, are dated such that the court could have determined when the various loans were made. 34 Corp. argues that, had the court relied on Exhibit 5, it would have accurately assessed interest at $54,440.29.

The record indicates that, at the time of the 1966 round robin and the $24,000 payoff, no other loans were outstanding. Therefore, the trial court found that the loans at issue had been extended between 1966 and Al Tonti's death in 1972. The trial court further found Exhibit 5 to be incomplete and unreliable. Given this and the informal bookkeeping of the Tonti corporations, the trial court was unable to determine the precise dates on which each of the several loans were made. In the absence of this evidence, the court assumed that the balance grew linearly from $0 in November 1966 to $76,491 in January 1972, at an average balance of $38,245.50 and, accordingly, awarded six percent annual interest. By its method of calculation, the court, in essence, awarded interest on the post–1966 loans from the dates they were incurred.

■■■ Our question on review is whether the trial court abused its discretion in its method of calculation. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. We find that it did. As a general rule, misapplication of the law to the facts is an abuse of discretion. The law is clear that interest on a loan accrues from the date that loan was due and payable. *Braverman.* In the instant case, no loans were due until the family met for a round robin. Had Al Tonti not died, the family would have undoubtedly held another round robin, after which any money owed would have been due. The fact that Al Tonti died before that meeting took place does not retroactively render the post–1966 loans due and payable at the time they were incurred.

Accordingly, 34 Corp.'s first assignment of error is sustained in that the trial court employed an improper method of calculation. With regard to the amount of interest due, we remand for a calculation consistent with monies being due from 1972 onward.

■■■ Finally, 34 Corp. argues in its first assignment of error that the trial court miscalculated the principal amount due on the note by failing to include two outstanding loans referred to as the "AET Exchange account" and the "Postle Blvd. account."

As this case progressed, Pat Tonti obtained judgment against his father's estate in suits concerning a number of other corporate accounts. On remand, the referee found that claims which were litigated to their conclusion in *Thirty–Four Corp. v. Hussey,* case No. 82CV–03–1385, 1985 WL 10275, and *Petropoulos v. W.*

*Estates Corp.,* case No. 73CV–08–2756, could not be relitigated in the instant action.

With respect to the AET Exchange account, 34 Corp. raised this claim in *Petropoulos* and, as such, 67 Corp. now argues that *res judicata* bars present consideration of that account. In that case, the estate of Al Tonti sued Western Estates Corporation (a Pat Tonti corporation) for money due on a note. In resolution of the case, Western Estates took an assignment of accounts due from Al Tonti to Pat Tonti for the purpose of setting off against the claims brought by the estate. One of the assigned accounts was the AET Exchange.

*Res judicata* operates as a bar to litigation when a court of competent jurisdiction has heard the same cause of action in a previous case and has rendered final judgment on the merits. *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10; *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67. The record indicates that, although the claim was raised in *Western Estates,* it was "not considered" upon a finding that Pat Tonti's corporation untimely moved under Civ.R. 54(C) to increase the prayer in its counterclaim by the amount due on that account ($20,267.80). As such, that claim was not adjudicated to a final judgment.

The trial court recognized this in its August 26, 1992 decision when it held:

"Although Thirty–Four Corp. claimed the same obligation in *Petropoulos v. Western Estates,* Case No. 73CV–08–2756, the Court declined to consider it as being untimely filed; it therefore remains at issue. * * *"

Nonetheless, the court refused to include the AET Exchange account in its award. The trial court based its refusal on the report of the referee, who found that the relitigation of adjudicated claims would lead to impermissible double recovery in favor of 34 Corp. However, since that account was not considered in the *Western Estates* case, it is not barred from consideration herein and the problems of *res judicata* and double recovery do not apply. The Postle Boulevard claim was set forth and resolved in *Thirty–Four Corp. v. Hussey.* As such, that claim is *res judicata* and the trial court did not err in refusing to consider it herein.

34 Corp.'s first assignment of error is sustained in part and overruled in part.

By its second assignment of error, 34 Corp. asserts that the trial court erred in its conclusion that Pat Tonti did not perform $40,000 worth of services or that those services were not covered by the note. At trial, Pat Tonti testified that he had acted as supervisor and general contractor on a number of property improvement projects and that he had engaged in leases generating approximately $300,000 in rental income.

██ The issue here is whether the decision of the trial court is against the manifest weight of the evidence. On review, we must determine whether the judgment of the trial court was supported by "some competent, credible evidence." *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273; *Nursing Staff of Cincinnati, Inc. v. Sherman* (1984), 13 Ohio App.3d 328, 13 OBR 406, 469 N.E.2d 1031. A court of appeals may not reverse a judgment that is supported by "some competent, credible evidence" on each essential element. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

The trial court approved the report of the referee upon a finding that the referee received the testimony, observed the witness and, as such, was in the best position to assess Pat Tonti's credibility. A review of the record reveals that Pat Tonti made several contradictory statements in reference to his claim. In sum, the trial court found Pat Tonti's testimony not to be believable and there is competent, credible evidence to support such a determination. 34 Corp.'s second assignment of error is overruled.

██ 34 Corp. next challenges that the trial court erred in not awarding compound interest on the note. In paragraph nine of his third report, the referee found that there was no evidence presented that the note in question was anything other than a six-percent simple interest loan. In the absence of such evidence, simple interest is the rule and is to be applied, absent a specific agreement that interest be compounded. *State ex rel. Elyria v. Trubey* (1984), 20 Ohio App.3d 8, 20 OBR 8, 484 N.E.2d 169.

34 Corp. takes issue with the court's application of this rule by arguing that principles of equity require that interest be compounded, because 67 Corp. failed to comply in paying its debt. A review of the record reveals no evidence that 67 Corp. acted in bad faith concerning payment of its debt to 34 Corp. We find 34 Corp.'s argument not to be well taken and, accordingly, overrule its third assignment of error.

On cross-appeal, 67 Corp. asserts the following assignments of error:

"First Assignment of Error

"The trial court committed prejudicial error by not deducting from the principal amount allegedly due the $72,000 debt owed by Marietta Franklin Securities to the Estate of Alfred E. Tonti which was, at the trial, set forth by 67 Corp. as a deduction.

"Second Assignment of Error

"Assuming arguendo, that 34 Corp. was entitled to a judgment in its favor, the trial court committed prejudicial error in awarding 34 Corp. interest for any period of time prior to Alfred E. Tonti's death.

"Third Assignment of Error

"There was a want of consideration for the note and mortgage deed and with respect to 67 Corp., a partial failure of consideration and the trial court should have made that finding."

 In its first cross-assignment of error, 67 Corp. argues that the trial court should have considered a $72,000 setoff for a debt allegedly owed Al Tonti's estate by Marietta Franklin Securities which appeared on the Exhibit 6 spread sheet and which was mentioned during the testimony of Pat Tonti. Upon the recommendation of the referee, the trial court refused to subtract this amount from its judgment for a number of reasons, but primarily because the court found that the account had already been resolved in prior litigation.

The origin of the $72,000 amount is unclear, but it is apparently related to a disputed $100,000 loan or gift from Al Tonti to his wife. That dispute continued and precipitated the case of *Thirty–Four Corp. v. Hussey.* That case was tried in 1984 and resulted in a directed verdict in favor of 34 Corp. That directed verdict was brought to the Franklin County Court of Appeals and affirmed. In the *Hussey* opinion, this court held that the estate could not use the Marietta Franklin Securities debt as a setoff against monies owed to Pat Tonti or any of his corporations. Despite that decision, 67 Corp. now seeks to use the estate's claim against Marietta Franklin Securities as an offset against 34 Corp.'s claim on the note.

 As previously stated, *res judicata* bars a claim when a court of competent jurisdiction has rendered final judgment on the merits, and the present action concerns the same subject matter or cause of action as the prior suit. *Anchor Motor Freight, Inc. v. Internatl. Bhd. of Teamsters* (C.A. 6, 1983), 700 F.2d 1067. That prior judgment is *res judicata* as between the parties or their privies. *Whitehead.* The claim presently at issue is the same loan that was the subject matter in *Hussey.* In that case, we held that the estate was barred from asserting the Marietta Franklin Securities' claim. We find 67 Corp. likewise barred because it is in privity with the estate. *Norwood.* The estate of Al Tonti owns 67 Corp. and uses it as an umbrella company to manage the estate's other property-holding interests. 67 Corp. is in privity with the estate of Al Tonti and is bound by the decision in *Hussey.* 67 Corp.'s first cross-assignment of error is overruled.

By its second cross-assignment of error, 67 Corp. challenges the trial court's award of interest for the period before 1972. Specifically, 67 Corp. asserts that

the note was intended to provide security to Pat Tonti and his business in the event that Al Tonti died with outstanding debts. As such, 67 Corp. argues that the loans between the Tontis were not interest-bearing prior to Al Tonti's death. Rather, 67 Corp. asserts that, prior to 1972, the interest on the note served only to generate principal and increase the note's collateral.

67 Corp.'s challenge raises the same problem which we addressed in the first assignment of error on direct appeal, wherein 34 Corp. challenged the trial court's calculation of interest on the note. The trial court found the record to be silent with respect to when each of the twenty-six separate loans were extended, which made up the outstanding principal due. In the absence of accurate accounting on the part of the Tontis, and given the incomplete and unreliable materials in Exhibit 5, the trial court presumed that the monies were extended in incremental amounts between 1966 and 1972, and awarded interest accordingly.

Consistent with our holding on direct appeal, we find that the trial court abused its discretion in its calculation of interest for the years 1966 through 1972. Clearly, the money loaned during that period was not due and payable until the family held a round robin meeting. The record indicates that, in the event Al Tonti died between round robins, the note provided security for any debts outstanding which would have been resolved at the next meeting. As such, we find that the post–1966 loans were not due until either the next round robin or Al Tonti's death, whichever occurred first. Accordingly, no interest accrued prior to 1972, and 67 Corp.'s second cross-assignment of error is sustained.

By its third and final cross-assignment of error, 67 Corp. challenges the holding of the trial court in two respects: (1) 67 Corp. argues that there was no consideration for the note and mortgage deed; and (2) 67 Corp. asserts that the trial court should have made a finding of partial failure of consideration.

With respect to the note and mortgage deed, 67 Corp. brings this court's attention to the fact that no money changed hands between the parties at the time the note was signed. Nonetheless, it has been held that consideration was given for the note in the form of security for antecedent debts. 67 Corp. now challenges that finding by arguing that the purpose of the note was not to secure Pat Tonti's loans but to encumber property owned by Al Tonti and protect it from judgments sought by plaintiffs in other litigations.

In support of its position, 67 Corp. relies on testimony that Al Tonti's common practice was to vacate equity in corporations which were being sued. Contrary to this argument, we find sufficient evidence before the trial court to support a finding that the note served a dual purpose. In paragraph three of his second set of findings of fact, the referee found that Al Tonti intended the note and mortgage in 1964 to serve as a form of security to benefit Pat Tonti in the events

that two adverse occurrences happened: (1) that Al Tonti died unexpectedly; or (2) that a then-pending lawsuit resulted in a judgment against 67 Corp. A further review of the record indicates that, regardless of 67 Corp.'s position herein, both 34 Corp. and 67 Corp. acknowledged during the litigation of this case the dual purpose of the note. Accordingly, we affirm the trial court's decision that consideration existed for the note and mortgage.

67 Corp. also asserts partial failure of consideration by arguing that the debts listed in Exhibit 5 as owed by it totalled an amount less than the $200,000 face value of the note. However, that total is not inclusive of amounts already paid and set off in prior litigations. A complete reading of Exhibits 5 and 6 demonstrates that far more than $200,000 was advanced during the period of the note. As such, adequate consideration was given in the form of money advances to all of Al Tonti's corporations. Accordingly, 67 Corp.'s third cross-assignment of error is overruled.

For the reasons set forth herein, 34 Corp.'s second and third assignments of error are overruled, and 34 Corp.'s first assignment of error is sustained in part and overruled in part, and this case is remanded to the trial court for consideration of the AET Exchange account only, and deletion of all interest awarded prior to 1972. 67 Corp.'s first and third cross-assignments of error are overruled and 67 Corp.'s second cross-assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

> *Judgment affirmed in part,*
> *reversed in part*
> *and cause remanded.*

JOHN C. YOUNG and DESHLER, JJ., concur.