OPINION
{¶ 1} Marcia and Robert Mayer appeal from the March 4, 2008 "nunc pro tunc" judgment entry of the Geauga County Court of Common Pleas, awarding them simple interest on three promissory notes, in these consolidated cases stemming from certain actions in foreclosure of parcels of real estate in Geauga County, Ohio. We reverse and remand.
 {¶ 2} These cases have a tortured history. This is the fourth appeal. See, e.g., Mayer v. Medancic (Dec. 21, 2001), 11th Dist. Nos. 2000-G-2311, 2000-G-2312, and 2000-G-2313, 2001 Ohio App. LEXIS 5863, dissenting opinion at 2001 Ohio App. *Page 2 
LEXIS 6098 ("Mayer I"); Mayer v. Medancic, 11th Dist. Nos. 2002-G-2431, 2002-G-2432, and 2002-G-2433, 2003-Ohio-5355 ("Mayer II"); Mayer v.A-Custom Builders, Inc., 11th Dist. No. 2004-G-2563, 2005-Ohio-2083
("Mayer III"). In 1992, the Mayers entered an agreement to sell two parcels of property to appellees, Mario Medancic, Marija Medancic, Mladen Medancic, and Karoline Medancic. See, e.g., Mayer II at ¶ 2. On or about July 3, 1995, Mladen and Karoline Medancic executed a promissory note in the amount of $20,000 in favor of the Mayers, secured by a mortgage deed. Mayer I at 3. It was payable no later than November 1, 1995, Id.; and, carried interest in the amount of thirteen percent, per annum. December 11, 1995, Mladen and Karoline Medancic executed another promissory note in favor of the Mayers, in the amount of $67,000, also secured by a mortgage deed. Id. at 2-3. This note was payable no later than November 1, 1997, Id. at 2; and carried interest in the amount of ten percent, per annum. Finally, on or about January 8, 1996, A-Custom Builders (evidently, a corporation owned or controlled by the Medancic family), executed a promissory note in the amount of $37,500 in favor of the Mayers. Id. at 2. This note was payable no later than November 1, 1997, Id.; and, carried interest in the amount of twelve percent, per annum.
 {¶ 3} In 1998, the Mayers filed their three complaints in foreclosure against the Medancics. Mayer I at 2-3. The Medancics answered and counterclaimed for breach of contract. Id. at 4. The trial court consolidated the actions; and, bench trial was held in December 1999. Id. at 5. In September 2000, the trial court issued two judgment entries. Id. It ruled in favor of the Mayers regarding their foreclosure actions, and ordered the Medancics to pay on the promissory notes, with interest at the amounts *Page 3 
specified therein. Cf. Id. It further ordered that portions of various contracts for the purchase of land between the parties be rescinded, due to mutual mistake, and that the Mayers refund some $148,000 to the Medancics' corporate entity, A-Custom Builders. Id. at 6-7. The trial court issued a nunc pro tunc entry in October 2000.
 {¶ 4} The appeal by the Medancics in Mayer I ensued. In relevant part, this court affirmed the trial court's judgment regarding the foreclosures. Id. at 29. This court remanded for clarification or recalculation regarding the amount of the refund owed by the Mayers. Id. at 29-30. The trial court issued a new judgment entry in March 2002, ordering the Mayers to refund $178,000. Mayer II at ¶ 11. The Mayers appealed, Id. at ¶ 1; and, this court reversed and remanded for clarification. Id. at ¶ 45. The trial court then decided the Mayers should refund $148,000. Mayer III at ¶ 13. The Medancics appealed; and, this court affirmed. Id. at ¶ 36.
 {¶ 5} The parties continued to dispute various issues in the trial court. January 13, 2006, the Medancics filed a motion to modify the rate of post-judgment interest owed on the notes, from that set forth in those instruments, to the statutory rate. Hearing was held before the trial court on this and other issues January 17, 2006. The trial court ordered that the Mayers brief their contention that interest on the notes should be at the rate set forth therein, and should be compounded. They did so; and, the Medancics opposed.
 {¶ 6} April 19, 2006, the trial court filed a judgment entry, pertaining not merely to the interest rate question, but the continued viability of the $37,500 judgment entry against A-Custom Builders, the identities of the parties in these actions, and whether set-off could be allowed. Regarding the interest rate question, the trial court, relying on *Page 4 
the opinion of the Eighth District Court of Appeals in Capital FundLeasing, L.L.C. v. Garfield (1999), 135 Ohio App.3d 579, determined that R.C. 1343.02, governing judgments on certain written instruments, applied, and that the Mayers were entitled to interest on the notes, post-judgment, at the rates set forth in the notes. The trial court rejected the Mayers' contention they were entitled to compound interest. The trial court further ordered the parties to brief the other issues contained in the judgment entry.
 {¶ 7} Further disputes continued between the parties. Finally, March 4, 2008, the trial court filed an agreed judgment entry, noting the conclusion of the balance of the disputes remaining between the parties. In paragraph 4 of this judgment entry, the trial court stated the Mayers disputed the conclusion set forth in the April 19, 2006 judgment entry that they were entitled only to simple, rather than compound, interest on the notes. The trial court ordered that its April 19, 2006 judgment entry be refiled, with appropriate Civ. R. 54(B) language, so the Mayers could appeal this issue. That same day, the April 19, 2006 judgment entry was refiled, with the additional language: "[t]his Court is entering final judgment as to the issue of interest, there being no just reason for delay. This is a final appealable order."
 {¶ 8} April 2, 2008, the Mayers noticed this appeal, assigning a single error:
 {¶ 9} "The trial court erred in ordering the interest on the three Promissory Notes to be calculated as simple interest instead of compound interest."[1]
 {¶ 10} Prior to reaching the assignment of error, we must decide whether we have jurisdiction to hear this appeal. The Medancics argue we do not. They argue that *Page 5 
the trial court's April 19, 2006 judgment entry, determining the Mayers were owed simple interest, at the rates specified in the notes, was not an interlocutory order, but a final appealable order as to that issue. Consequently, they believe the Mayers are outside the 30 day time limit for noticing an appeal, set forth at App. R. 4(A).
 {¶ 11} The Medancics cite to R.C. 2502.02, defining final appealable orders, which provides, in relevant part:
 {¶ 12} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 13} "*x*x*
 {¶ 14} "(2) An order that affects a substantial right * * * upon a summary application in an action after judgment; * * * [.]"
 {¶ 15} The trial court's April 19, 2006 judgment entry was made in response to the Medancic's motion to modify post-judgment interest from the rates contained in the notes, to the statutory rate. They consider their motion to modify as being in the nature of a "summary application." They are certainly correct that it was made "after judgment" — the trial court found them in default on the notes in the autumn of 2000. They correctly note that the order affected a substantial right of the Mayers — i.e., the amount of interest they could collect from the Medancics. The Medancics further contend the issue of set-off, also mentioned by the trial court in its April 19, 2006 judgment entry had already been disposed of by this court by our decision in Mayer I. Consequently, the Medancics assert that the Mayers could, and should, have appealed the April 19, 2006 judgment entry, instead of the March 4, 2008 "nunc pro tunc" entry. *Page 6 
 {¶ 16} An appellate court has a duty to examine its jurisdiction, and must dismiss an appeal if jurisdiction is lacking. Whitaker-Merrell Co.v. Geupel Constr. Co. (1972), 29 Ohio St.2d 184, 186. The office of a nunc pro tunc judgment entry is merely to correct a clerical error, or clarify the true purpose of a judgment already made. Cf. State v.Shamaly, 8th Dist. No. 88409, 2007-Ohio-3409, at ¶ 8, fn. 1. Thus, a true entry nunc pro tunc relates back to the filing of the original judgment entry, and does not extend the time for appeal. Id.
 {¶ 17} In this case, we find that the judgment entry of March 4, 2008, was not a true nunc pro tunc entry. It modified, rather than clarified, the April 19, 2006 judgment entry of the trial court. We respectfully disagree with the Medancic's argument that the only issue still pending before the trial court in April 2006 was the question of what interest rates applied to the notes. Even if the question of set-off had already been disposed of by our decision in Mayer I, other disputes remained pending before the trial court, many of which were simply not touched on by the April 19, 2006 judgment entry.[2] This is evinced by the voluminous filings made by each side in the period since the filing of that entry.
 {¶ 18} Thus, the March 2008 judgment entry does not relate back to that of April 19, 2006, and this court has jurisdiction to hear the appeal.
 {¶ 19} Promissory notes are written contracts. JP Morgan Chase Bank v.Murdock, 6th Dist. No. L-06-1153, 2007-Ohio-751, at ¶ 27. Consequently, we review decisions regarding them de novo. *Page 7 
 {¶ 20} The trial court relied on the decision of the Eighth District in Capital Fund Leasing, L.L.C., supra, for the proposition that R.C. 1343.02 controlled the rates of interest derived from the notes in this case. That statute provides: "[u]pon all judgments, decrees, or orders, rendered on any bond, bill, note, or other instrument of writing containing stipulations for the payment of interest in accordance with section 1343.01 of the Revised Code, interest shall be computed until payment is made at the rate specified in such instrument." From this, the trial court determined the Mayers were entitled to interest at the rates contained in the three notes, not the statutory interest rate. It further determined that the interest should be simple, not compound, as the notes contain no provision for the latter.
 {¶ 21} On appeal, as in the trial court, the Mayers point to the decision of the Supreme Court of Ohio in State, ex rel. Bruml v.Brooklyn (1943), 141 Ohio St. 593, 599, for the proposition that, "[u]nder a contract for the payment of interest at a specified rate annually, whereon there is a default of payment of such interest when due, interest on interest will be computed at the regular rate."Bruml remains good law. See, e.g., In re: Conneaut Metalcasters, Inc. v.Emco Wheaton, Inc. (C.A. 6, 1997), 1997 U.S. App. LEXIS 23780, at 18-19;Safdi v. Gallegos (July 16, 1999), 1st Dist. Nos. C-980814 and C-980857, 1999 Ohio App. LEXIS 3294, at 12-14.[3]
 {¶ 22} In this case, the Medancics have been in default in payment of interest on the notes for years. Consequently, under the authority ofBruml, the Mayers are entitled *Page 8 
to compound interest on each note, at the rates specified in the notes.
 {¶ 23} The judgment of the Geauga County Court of Common Pleas is reversed, and these matters are remanded for further proceedings consistent with this opinion.
 {¶ 24} It is the further order of this court that appellees are assessed costs herein taxed.
 {¶ 25} The court finds there were reasonable grounds for this appeal.
DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur.
[1] We note that the Mayers have filed a reply brief in this appeal, which does not incorporate a table of contents, as required by rule. Nevertheless, we are allowing the reply brief in, but have not considered it in rendering this decision.
[2] We further note that it appears, from the record that the Medancics were arguing in favor of set-off in April 2006.
[3] As additional authority, the Medancics have submitted the recent decision of the Supreme Court of Ohio in Minster Farmers Coop. ExchangeCo., Inc. v. Meyer, 117 Ohio St.3d 459, 2008-Ohio-1259, for the proposition that the Mayers are limited to receiving statutory interest on the subject notes. We respectfully find the case inapplicable, as it turns upon the Supreme Court's determination that invoices or account statements unilaterally setting forth interest terms are not written contracts. Id. at ¶ 28-29. *Page 1