MAYER ET AL., APPELLEES, *v.* MEDANCIC ET AL., APPELLANTS.

[Cite as *Mayer v. Medancic,* 124 Ohio St.3d 101, 2009-Ohio-6190.]

*Written instruments — Compound or simple interest absent agreement or statute — Because R.C. 1343.02 does not provide for it, compound interest is not available upon a default on a written instrument absent agreement of the parties or another statutory provision expressly authorizing it — The simple interest that accrues after a default on a written instrument under R.C. 1343.02 accrues on both the principal and the interest that was due and payable at the time of the default — Certified question answered in the negative, judgment reversed, and cause remanded.*

(Nos. 2008-2363 and 2009-0170 — Submitted September 30, 2009 — Decided December 3, 2009.)

APPEAL from and CERTIFIED by the Court of Appeals for Geauga County, Nos. 2008-G-2826, 2008-G-2827, and 2008-G-2828, 2008-Ohio-5531.

_____

SYLLABUS OF THE COURT

1. Because R.C. 1343.02 does not provide for it, compound interest is not available upon a default on a written instrument absent agreement of the parties or another statutory provision expressly authorizing it.

2. The simple interest that accrues after a default on a written instrument under R.C. 1343.02 accrues on both the principal and the interest that was due and payable at the time of the default.

_____

O'CONNOR, J.

{¶ 1} Pursuant to R.C. 1343.02, interest on written instruments containing stipulations for the payment of interest accrues at the rate specified in

the instrument until payment is made.  In the case at bar, we determine whether simple or compound interest accrues in the absence of the parties' agreement on this issue.  Simple interest is calculated only on principal and not on accumulated interest.  Black's Law Dictionary (9th Ed.2009) 887.  Compound interest, on the other hand, is paid both on the principal and the "previously accumulated interest."  Id.  In other words, simple interest does not merge with the principal and thus does not become part of the base on which future interest is calculated.  Id.

{¶ 2}  We hold that because R.C. 1343.02 does not provide for it, compound interest is not available upon a default on a written instrument absent agreement of the parties or another statutory provision expressly authorizing it.  However, upon a default on a written instrument, simple interest accrues on the entire amount owed, which includes both the principal and interest due and payable at that time.

### Relevant Background

{¶ 3}  This action stems from an agreement between appellees, Marcia and Robert Mayer, and appellants, Mario Medancic, Marija Medancic, Mladen Medancic, Karoline Medancic, and A-Custom Builders (a corporation owned and controlled by the Medancic family), to purchase real estate in Chester Township, Geauga County, Ohio.  As a result of the agreement, appellants executed three promissory notes in favor of appellees, each secured by a mortgage deed.  The July 3, 1995 promissory note for $20,000 was payable no later than November 1, 1995, and set forth a 13 percent per annum interest rate.  The December 11, 1995 note for $67,000 was payable no later than November 1, 1997, and carried a ten percent per annum interest rate.  Finally, the January 8, 1996 note for $37,500 was payable no later than November 1, 1997, and set forth a 12 percent per annum interest rate.  The documents made no mention of postjudgment interest.

**{¶ 4}** In 1998, appellees filed three foreclosure complaints alleging that appellants had failed to pay both the principal and interest due on the notes. Appellants answered the complaints and counterclaimed for breach of contract. The trial court consolidated the actions.

**{¶ 5}** In May 2006, after a bench trial, the trial court ruled in favor of appellees, holding that they were entitled to judgments of foreclosure and payment of the principal of the notes and interest at the rates specified therein. The trial court also ordered portions of the land contracts rescinded and ordered a refund of a portion of the purchase price to A-Custom Builders by appellees.

**{¶ 6}** The parties have engaged in extensive postjudgment litigation, which has resulted in multiple appeals to the Eleventh District Court of Appeals.[1]

**{¶ 7}** The instant appeal arises from a January 2006 motion filed by appellants to declare the rate of postjudgment interest owed on the notes to be the statutory rate set forth in R.C. 1343.03. In response to appellants' motion, appellees argued that they were entitled to postjudgment interest at the rates set forth in the notes and that the interest should be compounded annually until the debt is paid. In April 2006, the trial court held that pursuant to R.C. 1343.02, appellees were entitled to postjudgment interest at the rates set forth in the notes and rejected appellees' claim that they were entitled to compound interest.

**{¶ 8}** In February 2008, an entry titled "Agreed Judgment Entry" was filed that purported to resolve all remaining disputes between the parties. However, appellees objected to the agreed entry, arguing that they were entitled to

---

1. Although this case has a lengthy and complex history, our recitation of the background is limited to the facts that pertain to the instant appeal. For more detailed background and history of litigation in this matter, see the previous decisions by the Eleventh District Court of Appeals. *Mayer v. Medancic* (Dec. 21, 2001), Geauga App. Nos. 2000-G-2311, 2000-G-2312, and 2000-G-2313, 2001 WL 1647119; *Mayer v. Medancic*, Geauga App. Nos. 2002-G-2431, 2002-G-2432, and 2002-G-2433, 2003-Ohio-5355; and *Mayer v. A-Custom Builders, Inc.*, Geauga App. No. 2004-G-2563, 2005-Ohio-2083.

compound interest.  In light of appellees' objection, in March 2008, the trial court refiled its April 2006 judgment entry with the additional language that there was "no just reason for delay" so that appellees could appeal the court's denial of compound interest to the Eleventh District Court of Appeals.  The court of appeals reversed the trial court's judgment on the authority of *State ex rel Bruml v. Brooklyn* (1943), 141 Ohio St. 593, 599, 26 O.O. 168, 49 N.E.2d 684, holding that because *Bruml* allowed the collection of "interest on interest," appellees were entitled to compound interest at the rates specified in the notes.  *Mayer v. Medancic*, Geauga App. Nos. 2008-G-2826, 2008-G-2827, and 2008-G-2828, 2008-Ohio-5531, ¶ 21-22.

**{¶ 9}**   The case is now before us on our acceptance of a discretionary appeal and our recognition of a conflict between the Eleventh District Court of Appeals decision and the Tenth District's decision in  *Thirty Four Corp. v. Sixty Seven Corp.* (1993), 91 Ohio App.3d 818, 633 N.E.2d 1179.  *Mayer v. Medancic*, 121 Ohio St.3d 1422, 2009-Ohio-1296, 903 N.E.2d 322, and 121 Ohio St.3d 1424, 2009-Ohio-1296, 903 N.E.2d 324.  The conflict certified for our review is the following:  "When a written instrument sets forth a specific rate of interest to be paid, and there is a default in the payment of that interest, is the creditor entitled to compound interest, even absent a statute or provision therefor in the written instrument, pursuant to the rule in *State ex rel Bruml v. Brooklyn* (1943), 141 Ohio St. 593 [49 N.E.2d 684]?"  Id.

**{¶ 10}** Appellants ask the court to reverse the judgment of the Eleventh District Court of Appeals and hold that appellees are entitled to simple interest. Appellants maintain that because neither the notes nor the applicable statutory provision provides for compound interest, only simple interest has accrued. Appellants further argue that the Eleventh District erred in reading *Bruml* to require the compounding of interest here and that unlike the case at bar, *Bruml*

4

involved investment bonds that expressly provided for periodic payments of interest on interest.

{¶ 11} In contrast, appellees contend that the Eleventh District correctly relied on *Bruml*, 141 Ohio St. 593, 26 O.O. 168, 49 N.E.2d 684, and properly held that they were entitled to compound interest. Appellees claim that simple interest will not make them whole for appellants' failure to pay on the promissory notes for more than a decade, and therefore, they must receive compound interest. Finally, appellees maintain that the "unrefuted evidence" establishes that the parties intended that the interest on the promissory notes be compound, not simple.

### Analysis

{¶ 12} R.C. Chapter 1343 sets forth statutory limitations to the interest that may accrue on written instruments and judgments. R.C. 1343.02 provides, "Upon all judgments, decrees, or orders, rendered on any bond, bill, note, or other instrument of writing containing stipulations for the payment of interest in accordance with section 1343.01 of the Revised Code, interest shall be computed until payment is made at the rate specified in such instrument." R.C. 1343.03 sets forth the statutory interest rate that applies "when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction * * * unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract." Neither R.C. 1343.02 nor R.C. 1343.03 specifies whether simple or compound interest accrues after default on an instrument.

**{¶ 13}** Although the instant dispute originates out of appellants' motion to modify postjudgment interest, in which appellants argued that postjudgment interest should be calculated at the statutory rate set forth in R.C. 1343.03, both the trial court and the court of appeals held that because the notes set forth the applicable interest rates, R.C. 1343.02, not R.C. 1343.03, governs. *Mayer v. Medancic*, 2008-Ohio-5531, ¶ 20. Appellants do not argue the issue to this court, and we proceed based on the lower courts' conclusions that R.C. 1343.02 applies.

*Compound Interest Is Not Available Absent Statutory Provision or Agreement*

**{¶ 14}** Although neither R.C. 1343.02 nor R.C. 1343.03 articulates whether interest that accrues thereunder is simple or compound, courts of appeals throughout the state consistently hold in relation to R.C. 1343.03 that in the absence of a statutory provision or specific agreement to the contrary, only simple interest accrues. *Fifth Third Mtge. Co. v. Goodman Realty Corp.,* Hancock App. No. 5-08-30, 2009-Ohio-81, ¶18; *Safdi v. Gallegos* (July 16, 1999), Hamilton App. Nos. C-980814 and C-980857, 1999 WL 498082, *4; *Berdyck v. Shinde* (1998), 128 Ohio App.3d 68, 87, 713 N.E.2d 1098; *Bank One, Steubenville, NA v. Buckeye Union Ins. Co.* (1996), 114 Ohio App.3d 248, 256, 683 N.E.2d 50; *Trebmal Constr., Inc. v. Sherway Application Co.* (Feb. 7, 1991), Cuyahoga App. No. 58033, 1991 WL 12995, at 7; *Viock v. Stowe-Woodward Co.* (1989), 59 Ohio App.3d 3, 7l, 569 N.E.2d 1070; *Harrison v. Harrison* (Jan. 18, 1989), Montgomery App. No. 11056, 1989 WL 3762, *3; *State ex rel. Elyria v. Trubey* (1984), 20 Ohio App.3d 8, 9, 20 OBR 8, 484 N.E.2d 169. Indeed, the Tenth District Court of Appeals applied this general rule in the case certified as in conflict with the Eleventh District's decision in this case. *Thirty Four Corp.,* 91 Ohio App.3d at 825, 633 N.E.2d 1179 ("Simple interest is the rule and is to be applied, absent a specific agreement that interest be compounded").

**{¶ 15}** In denying appellants' motion for reconsideration, the Eleventh District Court of Appeals acknowledged the rule that simple interest should be

awarded on judgments unless there is a specific agreement or statutory provision requiring the payment of compound interest. Nonetheless, the court of appeals distinguished the cases that appellants cited in support of this rule from the case at bar based on (1) those cases' application of R.C. 1343.03 instead of R.C. 1343.02, (2) the fact that the interest in those cases had accrued on judgments for torts and other causes of action, not breach of contract, and (3) the other courts' failure to consider this court's decision in *Bruml*.

{¶ 16} Although the cases that set forth the rule that simple interest accrues absent a statutory provision or agreement to the contrary generally arise under R.C. 1343.03, we see no reason that the same rule should not apply to interest that accrues after the default on a written instrument, where the rate is governed by the terms of the instrument under R.C. 1343.02. Because, pursuant to R.C. 1343.02, the applicable interest rate is determined by the written instrument, the lack of a provision for compound interest illustrates that the parties did not intend that interest compound. Accordingly, we hold that absent agreement by the parties or a statutory provision expressly authorizing it, compound interest is not available upon a default of a written instrument under R.C. 1343.02. Because R.C. 1343.02 does not provide for compound interest, simple interest accrues on the notes unless the parties have agreed that the notes are subject to compound interest.

{¶ 17} Appellees' argument that the parties' intent and the terms of the promissory notes allow for the interest to be compounded annually is not persuasive. The notes do not include any provision for the collection of compound interest. Appellees argue that because the promissory notes state that interest is to be calculated at the specified rates "annually," they authorize compound interest. However, *calculating* the interest annually is different from *compounding* it annually. *Viock*, 59 Ohio App.3d at 7, 569 N.E.2d 1070 ("Simple interest can be computed annually, semi-annually, biannually, or even daily, if the

terms so dictate. To do so, one computes the interest on the *original principal* at the stated interval." (Emphasis sic)). Accord *Berdyck v. Shinde* (1998), 128 Ohio App.3d 68, 88, 713 N.E.2d 1098, quoting *Trebmal Constr., Inc.*, Cuyahoga App. No. 58033, 1991 WL 12995, at *7 (noting that interest calculated "per annum" generally means " 'at a simple rate per annum until paid' ").

{¶ 18} Appellees also argue that the evidence established that the parties intended interest to compound annually. In support of their claim, appellees rely on an affidavit that appellee Robert Mayer executed in February 2006 – more than a decade after appellants executed the first note and nine years after appellants defaulted on the last note. Mayer attested that "it was never [his] intention that these debts would bear merely simple interest for the ten year period, but instead it was [his] understanding that the interest would be compounded if the debtors failed to pay the principal and interest pursuant to the terms of the Notes and Mortgages."

{¶ 19} After considering Mayer's self-serving affidavit and the parties' arguments, the trial court concluded that the affidavit was not sufficient to overcome the plain meaning provided by the language of the notes – that the principal was to accrue interest at the specified rates and that no compounding was provided for. Because the trial court's conclusion is a finding of fact, based on competent and credible evidence, we defer to the trial court's finding, *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614, 614 N.E.2d 742, and hold that there was no agreement by the parties providing for the compounding of interest.[2]

*Bruml Does Not Support an Award of Compound Interest in the Absence of a Statutory Provision or Agreement*

{¶ 20} Relying on *Bruml*, 141 Ohio St. 593, 26 O.O. 168, 49 N.E.2d 684, appellees argue that they are entitled to compound interest even absent a statutory

---

2. Appellees seemingly conceded the issue at oral argument, arguing instead that they are entitled to compound interest based on nothing more than *Bruml*.

provision or agreement. Appellees claim that they are entitled to compound interest because in *Bruml*, this court allowed the collection of interest upon interest owed on municipal bonds. Ignoring the general rule that compound interest is not available absent a statutory provision or agreement of the parties, the Eleventh District Court of Appeals reversed the judgment of the trial court and awarded appellees compound interest based solely on the authority of *Bruml*. *Mayer*, 2008-Ohio-5531, ¶ 21 (stating only that "*Bruml* remains good law"). Indeed, in its ruling on appellants' motion for reconsideration, the Eleventh District suggested that but for *Bruml*, the court would not have awarded appellees compound interest. "In *Thirty Four Corp.* [91 Ohio App.3d 818, 633 N.E.2d 1179], the Tenth Appellate District did consider whether compound interest was due on a note, and relying on the general rule that interest is only to be compounded when an agreement specifically calls for it, confirmed the trial court's decision that the note in question provided simple interest. Generally, we would agree with that holding. However, the applicability of *Bruml* seems not to have been argued."

{¶ 21} Contrary to appellees' argument and the Eleventh District's decision, it does not follow from this court's decision in *Bruml* that appellees are entitled to compound interest. In *Bruml*, the court held that "[u]nder a contract for the *payment of interest* at a specified rate annually, whereon there is a default of payment of such interest when due, interest on interest will be computed at the regular rate." (Emphasis added.) *Bruml*, 141 Ohio St. at 599, 26 O.O. 168, 49 N.E.2d 684. *Bruml* does not allow for the collection of compound interest for two reasons. First, *Bruml* allows only "interest on interest," which is not the same as the annually compounded interest that appellees seek. Id. Second, although *Bruml* allowed interest to accrue periodically on interest that was due, but not paid, the case involved an investment bond that expressly provided for the

periodic *payment* of interest. Id. The notes in this case provide for no such periodic payment.

{¶ 22} Contrary to the court of appeals' holding, *Bruml* does not provide for accrual of compound interest absent a statutory provision or agreement. *Bruml*, 141 Ohio St. at 599, 26 O.O. 168, 49 N.E.2d 684. To be sure, *Bruml* made no mention of either (1) compound interest or (2) the annual computation that appellants seek. Rather, *Bruml* merely permits the collection of interest on an amount that is due and payable, but not paid, even if that amount includes previously earned interest. Id. "[T]he 'interest due upon interest' awarded by the court in * * * [*Bruml*] was not compound interest on the judgment, but rather simple interest on that portion of the judgment which accrued by unpaid installments of interest. Indeed, [*Bruml*] stand[s] for the proposition that interest upon a judgment is not compound interest, but rather simple interest, on all amounts which the debtor had promised but failed to pay. The expression 'interest due on interest' is merely the recognition that, when periodic payments of interest have not been paid as promised, the unpaid interest can constitute a part of the judgment which can then bear simple interest in the same manner as the portion of the judgment which represents principal." *Thirty-Four Corp. v. Hussey* (May 7, 1985), Franklin App. No. 84AP-337, 1985 WL 10275, *8.

{¶ 23} Equally telling is *Bruml's* reliance on *Anketel v. Converse* (1866), 17 Ohio St. 11, in permitting "interest on interest." In *Anketel*, this court held that "[w]here interest is payable annually, or at other stated periods, it bears *simple* interest from the time it falls due till paid." (Emphasis sic.) Id. at paragraph four of the syllabus.

{¶ 24} Appellees' reliance on *Bruml* is also misplaced because that case involved an investment bond that expressly called for the periodic payment or accrual of interest. *Bruml*, 141 Ohio St. at 599, 26 O.O. 168, 49 N.E.2d 684. Interest due, but not paid, periodically became part of the amount owed to the

bondholder, and subsequent interest was properly calculated based on that total. Contrary to *Bruml*, each note in this case provided for only one payment of interest, which was due on the same date as the repayment of the principal. Because the notes did not provide for periodic payments of interest, the interest due on the notes is not periodically added to the amount on which future interest may be calculated.

*Simple Interest Accrues on the Entire Amount Due at the Time of the*

*Default on a Written Instrument*

{¶ 25} *Anketel* and *Bruml* permit simple interest to accrue on interest that is due and payable from the time the interest is due until it is paid. *Anketel*, 17 Ohio St. 11, paragraph four of the syllabus; *Bruml*, 141 Ohio St. at 599, 26 O.O. 168, 49 N.E.2d 684. Accordingly, consistent with *Anketel* and *Bruml*, the simple interest that accrues after a default on a written instrument pursuant to R.C. 1343.02 accrues on both the principal and the interest that was due and payable at the time of the default. *Safdi v. Gallegos,* Hamilton App. Nos. C-980814 and C-980857, 1999 WL 498082 *4 (noting that pursuant to *Bruml,* "when a bond specifically provided for the payment of interest at a specified rate, and there was a default in the payment of the interest, interest on the defaulted interest was permissible"). See also 61 Ohio Jurisprudence 3d (2002), Interest and Usury, Section 29.

{¶ 26} "Generally, a right to interest on unpaid obligations accrues on the date of scheduled payment, and runs until paid * * *." *Lehman v. Lehman* (May 4, 1995), Cuyahoga App. No. 67483, 1995 WL 264556, *4. Principal and interest earned on the notes were due on November 1, 1995, and November 1, 1997. Therefore, pursuant to R.C. 1343.02, simple interest continues to accrue on the principal and interest due on the notes at the rates set forth therein from those dates until payment is made.

**Conclusion**

**{¶ 27}** Because there is neither a statutory provision providing for compound interest nor an express agreement between the parties, appellees are entitled to simple, not compound, interest. However, the interest that accrues is calculated on the entire amount due at the time of the default, including both the principal and the interest due and payable at that time. Accordingly, we answer the certified question in the negative, reverse the decision of the court of appeals, and remand this case to the trial court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____

Gallagher Sharp, Timothy T. Brick, Timothy J. Fitzgerald, and Catherine F. Peters, for appellees.

Joel A. Nash, for appellants.

_____