[Cite as *Reid v. Wallaby's Inc.*, 2013-Ohio-3842.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE   COUNTY**

| | | |
|---|---|---|
| MARILYN REID | : | |
| | : | Appellate Case No. 2013-CA-2 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 09-CV-774 |
| v. | : | |
| | : | |
| WALLABY'S INC., et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of September, 2013.

. . . . . . . . . . .

JOHN D. SMITH, Atty. Reg. #0018138, John D. Smith Co. LPA, 140 North Main Street, Springboro, Ohio 45066
      Attorney for Plaintiff-Appellant

TONY PEH, 5015 Sycamore View, Dayton, Ohio 45458
      Defendant-Appellee, *pro se*

. . . . . . . . . . . .

HALL, J.,

{¶ 1}    Marilyn Reid appeals from the trial court's decision and order finding her entitled to recover $314,604.83 from defendants Wallaby's Inc. and Tony Peh in this

breach-of-contract action.

{¶ 2} Reid advances three assignments of error on appeal. First, she contends the trial court erred in not awarding her any interest after July 15, 2009, the date she filed her lawsuit. Second, she claims the trial court erred in applying a three-percent interest rate rather than the fifteen-percent rate specified in the parties' contract. Third, she argues that the trial court erred in applying the three-percent interest rate to the time period between April 2008 and July 2009. Neither Peh nor Wallaby's has filed an appellate brief.

{¶ 3} The facts underlying Reid's lawsuit are detailed in *Reid v. Wallaby's Inc.*, 2d Dist. Greene No. 2010-CA-36, 2012-Ohio-1437 ("*Reid I*"). Briefly, Reid and others, including defendant Peh, became co-owners of an incorporated restaurant named Wallaby's. During the start-up phase, Reid purchased kitchen equipment in 1996 and leased it to Wallaby's. The lease had a three-year term from March 1996 to March 1999 and specified a fifteen-percent annual interest rate. Peh signed the lease on behalf of Wallaby's and as a surety. No lease payments were made, and Wallaby's never became profitable. The restaurant stopped selling food in 2006 or early 2007. Greene County filed a foreclosure action against Wallaby's in April 2008 for unpaid property taxes. Reid filed her lawsuit against Wallaby's and Peh on July 15, 2009, claiming they owed her more than $636,000 under the equipment lease.

{¶ 4} The trial court entered judgment against Reid in May 2011 following a bench trial. It found recovery precluded on the basis of equitable doctrines, including latches, accord and satisfaction, and unclean hands. Reid appealed. This court reversed, finding Reid entitled to recovery, and remanded for further proceedings related to damages, including "issues like setoff and the recovery of interest." *Reid I* at ¶56. The trial court subsequently held a damages hearing on September 18, 2012. Following the hearing, it filed a December 21, 2012 decision and order,

finding Reid entitled to $314,604.83. (Doc. #82).

{¶ 5}    In its ruling, the trial court determined that the unpaid lease payments totaled $126,807.04. The trial court noted, however, that monthly payments were not due under the lease until Wallaby's received a "statement" from Reid. Although Reid admittedly never provided Wallaby's with such a statement, the trial court found that she made a written demand for payment in July 1999, after the lease's expiration. The trial court reasoned that this demand was functionally equivalent to the statement required by the lease. Therefore, it held that payment was due in full as of July 1999. The trial court then applied the lease's fifteen-percent annual interest rate to the $126,807.04 in unpaid lease payments and found Reid entitled to $190,210.50 in interest under the lease from July 1999 to July 2009, when she commenced her lawsuit.[1] The trial court then found, however, that Reid should have filed her lawsuit no later than April 2008, when Greene County filed its foreclosure action. The trial court reasoned that her failure to do so constituted a "failure to minimize damages." As a result, it held "that [Reid's] interest claim of $190,210.50 should be reduced for the period from April 2008 to July 2009 (15 months) by the difference between 15% per annum and 3% per annum, the court's judgment interest rate." (Doc. #82 at 1-2). In other words, the trial court awarded Reid only three-percent annual interest for those fifteen months, reducing her total interest award by $7,915.44 to $182,285.06. The trial court also awarded her attorney fees and costs, while applying a small setoff to account for the sale of some kitchen equipment. With the unpaid lease payments of  $126,807.04  included, the result of the trial court's computations was a finding for Reid "in the amount of $314,604.83."

---

[1]Although the trial court did not include its calculations, fifteen percent of $126,807.04 is $19,021.05 per year in interest. Multiplying $19,021.05 by ten years (July 1999 to July 2009) results in total interest of $190,210.50, which is what the trial court found Reid entitled to under the lease up to the filing of her lawsuit.

(*Id.* at 2).

{¶ 6}  In her first assignment of error, Reid contends the trial court erred in not awarding her any interest after July 15, 2009, the date she filed her lawsuit. We agree. The trial court's ruling contains no explanation for failing to award interest after that date. We note that "[p]ursuant to R.C. 1343.02, interest on written instruments containing stipulations for the payment of interest accrues at the rate specified in the instrument until payment is made." *Mayer v. Medancic*, 124 Ohio St.3d 101, 2009-Ohio-6190, 919 N.E.2d 721, ¶1. Here the lease provides: "If the Lessee fails to pay any part of the rent herein reserved or any other sum required by the Lessee to be paid to the Lessor within 30 days after the due date thereof, the Lessee shall pay to the Lessor interest on such delinquent payment from the expiration of said 30 days *until paid* at the rate of 15 percent per annum." (Emphasis added) (Lease Section 3.04). In light of this language, we conclude that Reid is entitled to interest until the debt at issue is paid. The first assignment of error is sustained.

{¶ 7}  In her second and third assignments of error, Reid challenges the trial court's use of a three-percent interest rate rather than the fifteen-percent rate agreed upon in the lease. More specifically, she appears to argue in her second assignment of error that the trial court erred in awarding her post-judgment interest at a three-percent rate. In her third assignment of error, she claims the trial court erred in awarding her three-percent interest between April 2008 and July 2009.

{¶ 8}  With regard to the second assignment of error, it is not clear to us that the trial court awarded Reid any post-judgment interest at any rate. Nevertheless, we agree with her that she is entitled to post-judgment interest at the fifteen-percent rate agreed upon in the lease until the debt is paid. As set forth above, this conclusion is consistent with the terms of the lease and

the language of R.C. 1343.02.[2] *See also Marion Plaza, Inc. v. D & L Enterprises, Inc.*, 7th Dist. Mahoning No. 09-MA-207, 2010-Ohio-6267, ¶13-16 (applying a similar provision, R.C. 1343.03(A), and finding the prevailing party entitled to pre-judgment and post-judgment interest at the agreed-upon contractual rate).[3] The second assignment of error is sustained.

{¶ 9} With regard to the third assignment of error, we conclude that the trial court erred in awarding Reid three-percent interest between April 2008 and July 2009. The trial court reduced the interest rate from fifteen percent to three percent for this time period because it believed Reid should have filed her lawsuit against Wallaby's and Peh no later than April 2008, when Greene County filed its foreclosure action against the restaurant. In reducing the interest rate, the trial court sought to penalize Reid for failing to "minimize her damages."

{¶ 10} As Reid points out, however, if she had filed suit earlier, she might have obtained a judgment earlier. But the applicable interest rate in the lease would have remained the same. Moreover, the foreclosure was insufficient to satisfy all the debts of the business, including Reid's claim. *Reid* at ¶ 19. The parties agreed to a fifteen-percent rate until the debt at issue is

---

[2] We note that under R.C. 1343.01(A), the parties to a written instrument for the future payment of money may stipulate for the payment of interest. Although the interest rate generally may not exceed eight percent, exceptions apply. For example, parties may agree to a higher rate where the principle due under the written instrument exceeds $100,000. R.C. 1343.01(B)(1). Here the trial court found that the principle due under the equipment lease was $126,807.04. The statute quoted above, R.C. 1343.02, provides: "Upon all judgments, decrees, or orders, rendered on any * * * instrument of writing containing stipulations for the payment of interest in accordance with section 1343.01 of the Revised Code, interest shall be computed until payment is made at the rate specified in such instrument."

[3] Similar to R.C. 1343.02, R.C. 1343.03(A) states: "In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any * * * instrument of writing, * * * the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract." The Ninth District Court of Appeals has recognized that "according to the plain language of both R.C. 1343.02 and 1343.03, if there is a written contract specifying the rate of interest, the creditor is entitled to interest at the rate provided in the contract." *Kulton v. Hoffer*, 9th Dist. Summit No. 24738, 2009-Ohio-5943, ¶7.

paid. There is no change in the interest rate pre-judgment and post-judgment. Therefore, the fact that Reid delayed in obtaining a judgment did not prejudice Wallaby's or Peh, particularly where the judgment still remains unsatisfied. Under the circumstances before us, we see no basis for reducing the interest rate between April 2008 and July 2009. The third assignment of error is sustained.

{¶ 11}  The trial court's judgment is reversed and the cause is remanded for calculation of pre-judgment and post-judgment interest consistent with this opinion.

. . . . . . . . . . . . .

WELBAUM and YARBROUGH, JJ., concur.

(Hon. Steve A. Yarbrough, Sixth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

John D. Smith
Tony Peh
Hon. John W. Kessler
(sitting for Hon. Stephen Wolaver)